# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

**LINDA CHASE,**

    **Plaintiff,**

**VS.**                                          **Case No. 5:22cv226-AW-MAF**

**TAMMY WHITCOMB, et al.,**

    **Defendants.**

**_____/**

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case on September 23, 2022. ECF No. 1. After the denial of her in forma pauperis, ECF Nos. 2 and 10, Plaintiff paid the filing fee, ECF No. 11, and her complaint, ECF No. 1, was reviewed. Finding the complaint insufficient as filed, Plaintiff was directed to submit an amended complaint, and to comply with Local Rule 5.6 by filing a notice of similar claims, no later than January 3, 2023. ECF No. 12. That deadline was a month ago and Plaintiff still has not complied. It appears that Plaintiff has abandoned this litigation as she was specifically warned that failure to comply would "result in a recommendation of dismissal of this action." ECF No. 12 at 7.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here Plaintiff was forewarned and did not respond to a Court Order; dismissal is appropriate.

Case No. 5:22cv226-AW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 6, 2023.

   S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**